# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| MARLYSS SHONTELL COMO, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 1:20-CV-00018-TH |
| | § | |
| v. | § | |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed. The court has considered the report and recommendation filed on April 27, 2021 (Doc. No. 13), and the Plaintiff's objections (Doc. No. 14).

Como's objections assert that her electrodiagnostic report dated one day prior to her date last insured confirm her diagnosis of radiculitis along with exams showing a reduced range of motion of the cervical spine, weakness on extension of the right wrist, diminished reflexes, and a positive shoulder compression test. (Doc. No. 14.) Como alleges that it was error for the ALJ to not include manipulative limitations where she complains of numbness and tingling stemming from her radiculitis. (*Id.*)

The interpretation of the electrodiagnostic findings for Como state that the findings are "suggestive" of radiculitis without significant evidence of ongoing denervation, and there is no

definitive evidence of peripheral neuropathy or entrapment. (Tr. 388.) Further, as pointed out by Judge Hawthorn, clinical exam notes indicate that she had normal grip strength prior to and a few months after her date last insured. (Tr. 424, 436.) Como also testified that she was still able to cook, sweep, dust, mop, wash dishes, grocery shop, and had the capability to grip items in her hand during her disability period. (Tr. 53.) Moreover, Dr. Goldstein testified at the hearing that Como's cervical studies suggest that her radiculopathy was not present on electrodiagnostic testing conducted in November 2017 but was present on a test dated October 9, 2018, both of which were after her date last insured. (Tr. 33-34.) Dr. Goldstein found that she was able to perform sedentary work without manipulative limitations. (Tr. 34-36.) The state agency medical examiners also found no manipulative limitations were supported by the evidence of record. (Tr. 64-82.) Consequently, there is a lack of evidence supporting manipulative functional limitations, and substantial evidence supports ALJ Howard's RFC findings.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the objections are without merit because the magistrate judge properly found that ALJ Howard's application of the sequential analysis was free from legal error and supported by substantial evidence. Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED** this the 18 day of **May, 2021.**

_____
Thad Heartfield
United States District Judge